The Honorable J. Allison DeFoor, II Sheriff of Monroe County Post Office Box 1269 Key West, Florida 33041
Dear Sheriff DeFoor:
You have asked:
 Is the Sheriff of Monroe County authorized to accept credit cards pursuant to s. 215.322(4), F.S. (1988 Supp.), for payment of monetary appearance bond from persons arrested in Monroe County on criminal charges?
In sum:
 Monetary appearance bond is not a financial obligation owed to a unit of local government within the contemplation of s. 215.322(4), F.S. (1988 Supp.), for which payment by credit card may be accepted.
Section 215.322, F.S. (1988 Supp.), which regulates the acceptance of credit cards by state agencies and units of local government provides that:
 A unit of local government is authorized to accept credit cards in payment of financial obligations which are owing to such unit of local government and to surcharge the person who uses a credit card in payment of taxes, license fees, tuition, or other statutorily prescribed revenues an amount sufficient to pay the service fee charges by the financial institution, vending service company, or credit card company for such services.
Thus, to accept payment of monetary appearance bond by credit card, such bond must be a financial obligation which is owing to the Sheriff of Monroe County. To make such a determination it is necessary to consider the nature of bail.
The Florida Constitution provides:
 Unless charged with a capital offense or an offense punishable by life imprisonment and the proof of guilt is evident or the presumption is great, every person charged with a crime or violation of municipal or county ordinance shall be entitled to pretrial release on reasonable conditions. If no conditions of release can reasonably protect the community from risk of physical harm to persons, assure the presence of the accused at trial, or assure the integrity of the judicial process, the accused may be detained.[1]
The legislatively declared purpose of a bail determination is "to ensure the appearance of the criminal defendant at subsequent proceedings and to protect the community against unreasonable danger from the criminal defendant."[2]
Pursuant to s. 903.16, F.S.:
 (1) A defendant who has been admitted to bail, or another person in his behalf, may deposit with the official authorized to take bail money or nonregistered bonds of the United States, the state, or a city, town, or county in the state, equal in market value to the amount set in the order and the personal bond of the defendant and an undertaking by the depositor if the money or bonds are deposited by another.
As a general rule, money deposited as bail under a statute providing therefor is, for purposes of the deposit, conclusively presumed to be the property of the accused although it may be forfeited if the person for whom bail has been granted fails to comply with the conditions of the bail bond. Money deposited in lieu of bail with an officer is held in trust by such officer for the state until forfeited upon default.[3]
Thus, in AGO 82-72 this office determined that money deposited for bail belongs to the defendant or depositor who, absent a default and forfeiture by the court, is entitled to the return of the money deposited and that a sheriff is not authorized by law to invest cash deposits as bail or in lieu of bail bonds in the "Bonds and Fines Agency Fund" of the sheriff's office. In that opinion it is stated that the money deposited in such a fund is not being paid to or collected for the government or the public, nor is such money necessarily subject to distribution to another public officer. The cash bail belongs to the accused and unless and until forfeited upon default, these deposits are held in trust by the sheriff for the state.[4]
Therefore, while deposits of money as bail may ultimately come to the county or the sheriff for use through the fine and forfeiture fund, I cannot say that such moneys are accepted as moneys "owing to such unit of local government" as required by s. 232.15(4), F.S. (1988 Supp.).
This conclusion is supported by the statutory provisions relating to the forfeiture of the bond if the conditions thereof are not met. If there is such a breach of the bond, the court shall declare the bond and any bonds or money deposited as bail forfeited.[5] County officials, such as the sheriff, who have custody of forfeited money shall deposit the money in the county fine and forfeiture fund.[6] A procedure is statutorily prescribed for disposition of nonregistered United States, state, city, town, or county bonds which have been deposited as bail after forfeiture of the appearance bond.[7] If bail moneys or bonds in lieu of bail were the property of the sheriff from the time deposited, no forfeiture procedure would be necessary to convert these funds or bonds to the use of the sheriff.
Therefore, it is my opinion that monetary appearance bond or bail does not constitute a financial obligation owing to the sheriff within the scope of s. 215.322(4), F.S. (1988 Supp.), for which a credit card may be accepted in payment.
Sincerely,
Robert A. Butterworth Attorney General
(gh)
[1] Section 14, Art. I, State Const. 
[2] Section 903.046(1), F.S. See generally, 8 C.J.S. Bail s. 5 (The purpose of bail, the allowance of which is favored by the law, is to prevent the punishment of innocent persons and at the same time to compel their presence when required.) And see, AGO 89-39 discussing bail generally and considering the use of real property as bail.
[3] See, 8 C.J.S. Bail s. 53; and Young v. Stoutamire, 179 So. 797
(Fla. 1938) (Money deposited in lieu of bail with an officer or judge is held in trust by such person for the state until forfeited upon default and accused is entitled to a return of deposit where there has been a decision in his favor as where he is discharged, where he surrenders himself, or where he has been illegally arrested or the deposit has been illegally accepted.)
[4] Section 903.046(1), F.S. Cf., AGO 79-44 stating funds generated from work-release programs or operation of a commissary in a county jail or personal funds of inmates are not "public money"; and Webb's Fabulous Pharmacies, Inc. v. Beckwith,449 U.S. 155 (1980), stating that an interpleader fund deposited in the registry of the court pursuant to court order was private money and reversing the Florida Supreme Court's decision which had considered such fund to be public money from the date of deposit until it left the account.
[5] Section 903.26(2)(a), F.S.
[6] Section 903.26(3)(a), F.S.
[7] Section 903.26(4)(a), F.S.